**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0496-16T3

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

LENFORD WRAY,

      Defendant-Appellant.

_____

              Submitted October 23, 2018 – Decided December 13, 2018

              Before Judges Yannotti and Rothstadt.

              On appeal from Superior Court of New Jersey, Law Division, Passaic County, Indictment No. 05-04-0535 and Accusation No. 07-01-0033.

              Joseph E. Krakora, Public Defender, attorney for appellant (Damen J. Thiel, Designated Counsel, on the brief).

              Camelia M. Valdes, Passaic County Prosecutor, attorney for respondent (Robert J. Wisse, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant appeals from a decision and order entered by the Law Division on June 13, 2016, which denied his petition for post-conviction relief (PCR). We affirm.

I.

In 2005, a Passaic County grand jury returned Indictment No. 05-04-0535, charging defendant with fourth-degree possession of a controlled dangerous substance (CDS), N.J.S.A. 2C:35-10(a)(3) (count one); third-degree possession of a CDS with intent to distribute the same, N.J.S.A. 2C:35-5(a)(1) and (b)(11) (count two); and third-degree possession of a CDS with intent to distribute the same within 1000 feet of school property, N.J.S.A. 2C:35-7 and N.J.S.A. 2C:35-5(a).

On September 28, 2006, defendant pled guilty to count three of the indictment. Leonard C. Schiro was defendant's attorney of record, but attorney Russell Bickert represented defendant at the plea hearing. At the plea hearing, the judge asked defendant if he is a citizen of the United States. He replied, "No." He informed the judge that Jamaica was his country of origin. The following colloquy between the judge and defendant ensued.

> Q. You understand that by pleading guilty, after you've served your sentence, you may be deported back to Jamaica?

2

A.  Yes.

Q.  Knowing that, do you still want to plead guilty?

A.  Yes.

Defendant also signed the plea form.  Question seventeen on the form states, "Do you understand that if you are not a United States citizen or national, you may be deported by virtue of your plea of guilty?"  Defendant circled the answer, "YES."  The judge later sentenced defendant to a flat three-year term of incarceration, dismissed the other charges, and entered a judgment of conviction (JOC) dated December 14, 2006.

It appears that before he was sentenced, defendant was arrested for committing another CDS offense.  On February 8, 2007, defendant pled guilty to fourth-degree possession of a CDS with intent to distribute the same, N.J.S.A. 2C:35-5(b)(12), as charged in Accusation No. 07-01-0033.  Attorney Frank J. Sciro, Jr. represented defendant with regard to this plea.

At the plea hearing, the judge asked defendant if he is a citizen of the United States.  He replied, "Yes."  In responding to question seventeen on the plea form, defendant circled "YES."  It appears that defendant had circled "N/A," but that response was crossed out.  The judge later sentenced defendant to eighteen months of incarceration, and ordered that the sentence be served

concurrently with the sentence imposed on Indictment No. 05-04-0535. The judge entered a JOC dated March 2, 2007.

Defendant did not appeal from the December 14, 2006 JOC or the March 2, 2007 JOC. However, on February 29, 2008, defendant filed a pro se PCR petition. Defendant claimed his attorney had not provided him with proper advice regarding the immigration consequences of his plea. He asserted he is a citizen of Jamaica, and only had permanent-resident status in the United States. He claimed that he would not have pled guilty if he knew of the consequences. He stated that due to his guilty plea, he was subject to automatic deportation.

On August 14, 2008, the PCR court conducted a hearing on the petition, and gave both parties the opportunity to call witnesses. Defendant's PCR counsel informed the court he was only representing defendant with regard to his effort to retract his plea to Accusation No. 07-01-0033.

The PCR court placed defendant under oath and cautioned him that if the plea was withdrawn, he might face a more serious charge. Defendant told the court he understood but wanted to proceed with his application to set aside the conviction on the Accusation, based on his claim that he had not been advised he was pleading guilty to an offense that would result in mandatory deportation. PCR counsel and the assistant prosecutor did not question defendant.

A-0496-16T3

The PCR court rendered an oral decision on defendant's petition. The PCR court noted that defendant had candidly admitted that when he entered the plea to the Accusation, he was aware he could be deported. Defendant claimed, however, that he was not aware at that time he would be subject to mandatory deportation. The court observed that when defendant entered the plea in February 2007, he informed the plea judge he was a United States citizen; however, in a letter sent to the plea judge about two months later, defendant stated that he recalled being told when he entered his plea in September 2006, that he could be deported.

The PCR court found that defendant had been properly advised as to the possibility of deportation, and that defendant knew of the possibility of deportation when he pled guilty in February 2007. The PCR court entered an order dated September 22, 2008, denying PCR and defendant appealed. On October 5, 2009, defendant was deported from the United States and returned to Jamaica.

In March 2011, we reversed the order denying PCR and remanded the matter to the PCR court to consider defendant's claim of ineffective assistance of counsel in light of both the 2006 and 2007 plea hearings. State v. Wray, No. A-3464-08 (App. Div. Mar. 24, 2011) (slip op. at 2, 11). In our opinion, we

noted that when the PCR court ruled on defendant's petition, it did not have the benefit of the decision of our Supreme Court in State v. Nuñez-Valdéz, 200 N.J. 129 (2009), and the decision of the United States Supreme Court in Padilla v. Kentucky, 559 U.S. 356 (2010). Wray, slip op. at 7-9.

We stated that further proceedings also were required due to the particular facts presented. Id. at 9. We pointed out that defendant may have made an innocent mistake at the February 2007 plea hearing when he told the court he was a United States citizen. Ibid. We observed that when defendant entered both pleas, he had appeared before the same judge with the same attorney, and in September 2006, defendant had indicated he was not a citizen. Id. at 10.

We noted that defendant's statement that he was not a United States citizen "prompted the [plea] judge to discuss the 'possibility' of deportation based [on the] guilty plea." Ibid. We determined that in light of the decisions in Nuñez-Valdéz and Padilla, the PCR court must consider the "effect, if any," the information the court conveyed to defendant in September 2006 may have on the claim of ineffective assistance of counsel. Ibid. We expressed no view as to the merits of defendant's PCR petition. Id. at 11.

After our decision, the PCR court listed the matter for proceedings in June 2011 and December 2011. The PCR court attempted to secure defendant's

A-0496-16T3

appearance but was apparently unable to do so. It seems that the court was unaware defendant had already been deported. The court dismissed the petition without prejudice. In September 2014, defendant filed another pro se PCR petition.

The PCR court heard the matter on March 23, 2016. Defendant was permitted to appear telephonically, and PCR counsel elected to rely upon defendant's supplemental certification. In that certification, defendant stated that his "attorney" provided him with misinformation and erroneous advice about the immigration consequences of the plea. He stated that his "attorney" was aware he was not a United States citizen, and that after speaking with counsel about the charges, he believed he could avoid deportation.

The PCR court filed a written opinion dated May 27, 2016. The PCR court noted that in the opinion on the earlier appeal, we had erroneously stated that the same attorney had represented defendant when he entered his pleas in September 2006 and February 2007. The PCR court found defendant was not entitled to another evidentiary hearing. The PCR court stated that the earlier PCR court had conducted an evidentiary hearing in August 2008, and neither defendant nor the State elected to present any witnesses at that time. Moreover, defendant's attorney and the assistant prosecutor chose not to question

7

defendant. The court found that the existing record was sufficient to address defendant's claims.

The PCR court further found that defendant had not presented a prima facie case of ineffective assistance under the two-prong test established in Strickland v. Washington, 466 U.S. 668, 687 (1984), which was later adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 58 (1987). The PCR court determined that defendant had been informed of the possibility of deportation when he entered his first plea, and defendant had not shown he was misadvised or misinformed about the deportation consequences of the plea.

The PCR court also found that defendant's counsel was not required to advise defendant about the prospect of deportation when defendant entered the second plea because defendant misrepresented his citizenship status to the court. The PCR court found that even if defendant's statement about his citizenship was an innocent mistake, any advice regarding deportation "would have been a repetition of the warnings previously administered."

In addition, the PCR court found that even if counsel erred in advising defendant regarding the prospects for deportation, he was not entitled to relief because he had not shown he was prejudiced by the error. The PCR court stated that defendant had not shown that but for counsel's error, he would not have pled

8

guilty and would have insisted upon going to trial. The PCR court therefore determined that defendant was not entitled to relief and entered an order denying the petition.

The PCR court later filed another written opinion dated June 13, 2016, which addressed the question of whether defendant should be permitted to withdraw his plea. The PCR court applied the factors enunciated in State v. Slater, 198 N.J. 145, 157-58 (2009). The PCR court found that defendant had entered his plea knowingly and voluntarily, with the advice of competent counsel. The PCR court further found that defendant had not asserted a colorable claim of innocence, and the State would be prejudiced if required to prosecute the offenses committed about ten years earlier. This appeal followed.

On appeal, defendant argues:

> POINT I
> THE COURT ON REMAND ERRED IN DENYING DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE DEFENDANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL DURING HIS PLEA HEARINGS AND INITIAL PETITION.
>
> A. Defense Counsel Rendered Ineffective Assistance During Defendant's September 2006 Guilty Plea.
>
> B. Defense Counsel Rendered Ineffective Assistance During Defendant's February 2007 Guilty Plea.

C. Defense Counsel Rendered Ineffective Assistance During Defendant's PCR Hearings in 2008 and 2011.

POINT II
THIS COURT SHOULD REVERSE THE DENIAL OF DEFENDANT'S PETITION FOR POST-CONVICTION RELIEF BECAUSE THE PCR COURT ERRED IN FINDING THAT DEFENDANT WAS NOT DENIED EFFECTIVE ASSISTANCE OF COUNSEL.

A. PCR Court's Decision.

B. The PCR Court's Refusal to Hold an Evidentiary Hearing Denied Defendant Due Process and Deprived the Court of an Accurate Factual Basis for its Decision.

C. The PCR Court's Failure to Hold an Evidentiary Hearing Caused the Court to Misrepresent the Facts of this Case.

D. The PCR Court Erred as a Matter of Law in Failing to Find that Defense Counsel Was Ineffective.

II.

As noted, defendant argues he was denied effective assistance of counsel when he entered in guilty pleas in September 2006 and February 2007.

To prevail on a claim of ineffective assistance, a defendant must satisfy the two-part test established by Strickland, 466 U.S. at 687, and adopted by our Supreme Court in Fritz, 105 N.J. at 58. First, the defendant must show that his attorney's performance was deficient. Strickland, 466 U.S. at 687. This requires

defendant to establish that his attorney "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [to] the defendant by the Sixth Amendment." Ibid.

Second, the defendant must show that his attorney's "deficient performance prejudiced the defense." Ibid. The defendant must establish "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The Strickland standard applies to claims of ineffective assistance associated with a guilty plea. Hill v. Lockhart, 474 U.S. 52, 57 (1985). To show prejudice, the defendant must establish "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial." State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill, 474 U.S. at 59).

In Padilla, the Court determined that advice regarding deportation arising from a guilty plea is within the ambit of the Sixth Amendment's right to counsel. 559 U.S. at 374. The Court held that when the immigration consequences of a plea are not clear, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse

A-0496-16T3

immigration consequences. But when the deportation consequence is truly clear, . . . the duty to give correct advise is equally clear." Id. at 369 (footnote omitted).

In Nuñez-Valdéz, our Supreme Court held that a defendant may establish a claim of ineffective assistance of counsel under the New Jersey Constitution when the defendant shows his attorney provided false or affirmatively misleading advice about the deportation consequences of a guilty plea. See 200 N.J. at 131. Padilla imposes an additional, affirmative obligation to provide advice concerning the immigration consequences of a plea, when deportation under federal law is clear and certain. State v. Gaitan, 209 N.J. 339, 373 (2012). Padilla does not, however, apply retroactively on collateral review. Id. at 372-73.

Therefore, because defendant's pleas occurred before Padilla, his PCR claims are governed by Nuñez-Valdéz. Here, the PCR court correctly found that defendant failed to establish a prima facie case of ineffective assistance of counsel under Nuñez-Valdéz. Defendant failed to show that his attorneys provided him with false and misleading information about the deportation consequences of his pleas.

As stated previously, when defendant pled guilty in September 2006, he stated under oath that he had reviewed the plea with his attorney and the answers

A-0496-16T3

on the plea form were true and accurate. Defendant informed the plea judge he was not a citizen of the United States. The plea form indicated that defendant understood that as a result of the plea, he could be subject to deportation. The plea judge also advised defendant that deportation was possible. Defendant failed to show that his plea counsel provided him with any false or misleading information concerning the plea.

Furthermore, when defendant pled guilty in February 2007, he erroneously informed the plea judge that he was a citizen of the United States. On appeal, defendant contends that his attorney should have known that his statement was incorrect. He asserts his counsel should have reviewed the record from the September 2006 proceeding. He also asserts his immigration status was reflected in the court's records.

However, as the PCR court noted in its decision, defendant had been informed of the possibility of deportation in September 2006, and the judge would have issued similar warnings in February 2007 if defendant stated he was not a United States citizen. Moreover, in September 2006 and February 2007, defendant responded to question seventeen on the plea forms by indicating that he understood that if he is not a United States citizen, he could be deported as a result of his pleas. In addition, there is no evidence that defendant's plea

13

attorneys provided him with any false or misleading information concerning the pleas.

We therefore conclude the record supports the PCR court's determination that defendant was not denied effective assistance of counsel regarding the 2006 and 2007 pleas.

## III.

Defendant also argues that he was denied the effective assistance of PCR counsel in the proceedings in 2008 and 2011. He contends that in 2008, PCR counsel erred by limiting his representation to seeking withdrawal of the 2007 plea. He also argues PCR counsel erred by failing to call him or his plea attorneys as witnesses in the 2008 proceeding.

Defendant further argues that after this court remanded the matter for further proceedings, the PCR court dismissed the petition without prejudice, allegedly because counsel and the court failed to attempt to notify him of the proceedings. He contends the petition languished in dismissal without prejudice until he filed another petition.

We are convinced, however, that even if defendant's criticism of PCR counsel's performance were correct, he has failed to show he was prejudiced by the manner in which PCR counsel handled the proceedings. Defendant has not

14

shown that the matter would have been decided differently if PCR counsel called him and his plea attorneys as witnesses. Defendant's position was set forth in his supplemental certification, which PCR counsel submitted to the court in March 2016, and there is nothing in the record indicating that testimony by defendant and his plea attorneys would have led to a different result.

As we have determined, defendant failed to establish a claim of ineffective assistance under Nuñez-Valdéz with regard to the 2006 plea or the 2007 plea. Defendant failed to assert facts showing his plea attorneys provided him with false or misleading advice concerning the 2006 or 2007 pleas. We therefore reject defendant's contention that he was denied the effective assistance of PCR counsel.

IV.

Defendant also argues the PCR court erred by failing to conduct an evidentiary hearing on remand. Defendant contends if the court had held an evidentiary hearing, the court "may have learned that [he] had come to believe he was effectively a [United States] citizen" because he had permanent resident status and his father was already a United States citizen.

Defendant argues he should have been given the opportunity to ask his plea counsel whether he understood his immigration status when he provided

15

him with legal advice. He contends he could have provided the court with more information than the information he set forth in his supplemental certification.

A defendant is entitled to an evidentiary hearing on a PCR petition when he or she establishes a prima facie case for PCR, there are material issues in dispute that cannot be resolved based on the existing record, and the court determines that a hearing is necessary to resolve the claims presented. State v. Porter, 216 N.J. 343, 354 (2013) (citing R. 3:22-10(b)).

Here, the PCR court found that an evidentiary hearing was not required because on August 14, 2008, the earlier PCR court had afforded defendant the opportunity for an evidentiary hearing. Defendant had testified at that proceeding, and the attorneys for the parties did not question defendant or call other witnesses.

Furthermore, the record as amplified in the remand proceedings with defendant's supplemental certification failed to establish that defendant's plea attorneys provided him with erroneous advice or misinformation concerning the pleas. As the PCR court found, defendant's position had been "well articulated" and an evidentiary hearing was not required to resolve defendant's claims. The record supports that determination.

16

We have considered defendant's other contentions, and conclude they lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0496-16T3